UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAVID DEBOARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:20-cv-01646-JMS-TAB |
| | ) |
| ELMWOOD ONE, LLC, | ) |
| ELMWOOD TWO, LLC, | ) |
| REDWOOD LIVING, INC., | ) |
| PRIDE ONE CONSTRUCTION SERVICES, | ) |
| LLC, | ) |
| ELMWOOD THREE, LLC, | ) |
| | ) |
| Defendants. | ) |

**ORDER ON PLAINTIFF'S
MOTION TO STRIKE EXPERT REPORT
AND DEFENDANTS' MOTION TO SEAL**

**I.   Introduction**

Plaintiff David DeBoard objects to Defendants' expert report of John Rife Torkelson and seeks to preclude Colleen Dement from testifying on behalf of Defendants. [Filing No. 31.] DeBoard argues that Torkelson's entire report should be stricken because Torkelson's opinion is based on a term in a confidential settlement agreement from a prior case, rather than an objective scientific standard. DeBoard also claims that Dement should not be allowed to testify as an expert because Defendants failed to provide any information on her qualifications as required by Fed. R. Civ. P. 26. DeBoard's motion is granted in part as it relates to Torkelson. The portion of Torkelson's report relying on the prior settlement agreement is excluded. However, the remainder of his report and testimony may proceed. DeBoard's motion is also granted as it relates to Dement. Defendants failed to provide the necessary information on Dement's

qualifications, or a report, as set forth in Fed. R. Civ. P. 26 and the Case Management Plan and have offered no valid explanation for this deficiency. In addition, Defendants filed a motion to seal [Filing No. 59], seeking to maintain under seal the confidential settlement agreement that Torkelson relied on and that Defendants filed as an exhibit to their partial summary judgment filings. For the reasons stated below, Defendants' motion to seal is granted.

**II.     Background**

DeBoard filed this action on June 16, 2020, alleging that Defendants failed to design and construct the Redwood Brownsburg Apartments to be accessible to persons with disabilities as required by 42 U.S.C. § 3604(f)(3)(C) of the Fair Housing Act. [Filing No. 1.] On September 2, 2020, the Court entered a CMP. [Filing No. 16.] The CMP required Defendants to disclose the "name, address, and vita of any expert witness" and serve the expert's report as required by Fed. R. Civ. P. 26(a)(2) on or before 45 days after receipt of the report of DeBoard's expert. [Filing No. 16, at ECF p. 4.] DeBoard's expert, Larry B. Fleming, R.A., served a report with photographic documentation of 66 accessibility violations observed at Defendants' property. [Filing No. 31-2.] Defendants subsequently served the report of their expert, Torkelson, within the time frame set forth in the CMP, but served no information or report for Dement, their other designated expert. DeBoard's counsel sent an email on January 29, 2021, inquiring whether Defendants' counsel would be providing an expert report of Dement, and the response from Defendants' counsel, simply stated, "No—thanks." [Filing No. 31-1.]

Torkelson's report contains a statement regarding 20 items in the Fleming report. Torkelson stated in his report that he was "directed by Redwood to consider the technical allowances under a previous settlement." [Filing No. 26-1, at ECF p. 12.] Torkelson quoted a term of that previous settlement and stated that the items at issue in Fleming's report fall within

2

the allowance of that settlement of a lawsuit concerning another Redwood neighborhood.  On March 24, 2021, DeBoard filed his objections and motion to strike Torkelson's report and to preclude Dement from testifying.  [Filing No. 31.]

In July 2021, Defendants filed a motion to maintain under seal the prior confidential settlement agreement relied on by Torkelson, which Defendants included as an exhibit as evidence in opposition to DeBoard's motion for partial summary judgment.  [Filing No. 59.] Defendants intend to rely on the agreement to prove that slopes up to 3.9% are compliant with the FHA and because Defendants claim that the agreement demonstrates DeBoard did not sustain any damage in connection with the slopes at the subject property in this litigation.  [Filing No. 60, at ECF p. 3.]

### III.   Discussion

#### A.   Torkelson Report

DeBoard requests that the Court strike Torkelson's report in its entirety because it references the confidential settlement agreement and terms in another case.  [Filing No. 31, at ECF p. 1.]  DeBoard's argument is two-fold.  First, he argues that Torkelson's opinions and report are inadmissible because settlement-related opinions and evidence are inadmissible under Federal Rule of Evidence 408.  Second, DeBoard argues that the testimony should be excluded under Federal Rules of Evidence 702 and 703, because the Torkelson report does not appropriately demonstrate the reliability of the purported testimony.  [Filing No. 31, at ECF p. 4.]  The Court's analysis focuses on DeBoard's Rule 702 argument.

Under Rule 702, a witness who is qualified as an expert based on knowledge, skill, experience, training, or education may provide testimony so long as:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the

3

>testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. The Supreme Court interpreted Rule 702 in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589, 125 L. Ed. 2d 469, 113 S. Ct. 2786, 2795 (1993), to mandate that the district court "must ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." *See also Manpower, Inc. v. Insurance Co. of Penn.*, 732 F.3d 796, 806 (7th Cir. 2013) ("No matter the nature of the witness's expertise, Rule 702 establishes a standard of evidentiary reliability, requires a valid connection to the pertinent inquiry as a precondition to admissibility, and mandates that the testimony have a reliable basis in the knowledge and experience of the relevant discipline. . . . District judges have considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable. Reliability, however, is primarily a question of the validity of the methodology employed by an expert, not the quality of the data used in applying the methodology or the conclusions produced." (Internal citations, quotations, and ellipses omitted)).

As Defendants note, DeBoard makes no challenges to Torkelson's qualifications and foundation to offer expert opinions. [Filing No. 32, at ECF p. 2.] However, DeBoard argues that Torkelson's methodology is insufficient and that he did not apply objective standartds to derive his opinions. In this section of Torkelson's report, Torkelson focused on standards applied within the context of a prior settlement, rather than utilizing specific objective standards such as the Fair Housing Act Accessibility Guidelines, the Fair Housing Design Manual, or standards set out by the American National Standards Institute (ANSI). Torkelson has not demonstrated that the standard he used is reliable. In addition, DeBoard presented persuasive evidence that the

standards he relied on were never intended to be viewed as acceptable in a later, unrelated matter. The prior settlement agreement specifically states, "The remediation agreed to is not intended to represent or warrant compliance or non-compliance with FHA technical requirements." [Filing No. 64, at ECF p. 5.] It is the role of the Court to ensure that any expert testimony or evidence admitted "is not only relevant, but reliable." *Daubert*, 509 U.S. at 589, 113 S. Ct. 2786. Here, Torkelson utilized a method that is not a relevant discipline or standard to reach his conclusion that the noted items in the report fell within the allowance of a prior settlement.[1]

DeBoard asks the Court to strike Torkelson's report in its entirety. However, Torkelson did not solely rely on the terms from the previous confidential settlement agreement in determining his opinions on compliance. Torkelson listed 16 standards he used for determining compliance, including the Fair Housing Act and regulations, guidelines, design manual, ANSI, and various ADA standards for accessible design. [Filing No. 26-1, at ECF p. 3.] The only portion of Torkelson's report that relies on the prior settlement agreement is the section regarding Items 3, 4, 21, 23, 24, 25, 26, 27, 29, 30, 31, 32, 33, 34, 35, 36, 38, 39, and 40, where Torkelson opined that these items in Fleming's report fall within the 3.9% allowance of the prior settlement. [Filing No. 26-1, at ECF p. 5.] This section of Torkelson's report is stricken.[2] However, the

---

[1] Defendants also argue that Torkelson's opinion concerning slope should be allowed because the HUD guidelines are not mandatory and allow for various safe harbors for FHA compliance. [Filing No. 32, at ECF p. 4.] However, the settlement agreement that Torkelson relies on expressly states that the compromise reached in that agreement is not meant to stand for FHA compliance, which is the issue in the present matter.

[2] Torkelson also noted in his description of services that he was engaged by Redwood to assist in developing a barrier removal plan, and that as part of this plan, Redwood directed him to use the technical criteria noted in that prior settlement. [Filing No. 26-1, at ECF p. 10.] This part of the report is not stricken, since it is not an opinion or reliance on the prior settlement terms, but rather simply a description of the procedural background leading up to Torkelson's report.

remainder of Torkelson's report and testimony may proceed.  Thus, DeBoard's motion is granted in part and denied in part as it relates to Torkelson.

### B.     Colleen Dement

Defendants designated Dement as an expert witness, but produced no materials relating to her qualifications or as otherwise required by the CMP and Fed. R. Civ. P. 26.  Rule 26(a)(2) governs the disclosure of expert testimony and states that a party must disclose to the other parties "the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705."  Fed. R. Civ. P. 26(a)(2).  This rule further details the necessary disclosure related to witnesses who must provide a written report, as well as the disclosure information required for witnesses who do not provide a written report.  *Id.*  If a witness providing a written report, the report must contain a complete statement of all opinions the witness will express, the facts or data considered by the witness in forming them, exhibits that will be used, the witness's qualifications, a list of other cases in which the witness testified as an expert, and a statement of compensation.  *Id.*  For witnesses not required to provide a written report, the disclosure still must state the subject matter on which the witness is expected to present evidence, as well as a summary of the facts and opinions to which the witness is expected to testify.  Fed. R. Civ. P. 26(a)(2)(C)(i)-(ii).

However, Defendants have provided no such disclosure.  Moreover, neither Defendants' disclosure nor Defendants' response provides any explanation for why Defendants failed to provide this requisite information.  Defendants' disclosure notes:

> Colleen Dement, AICP, CEP, APA   Ms. Dement is expected to testify as to Defendants' compliance with the provisions of the Fair Housing Act, Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988 (FHA), 42 U.S.C. §§ 3601-3619, as it pertains to the property located at 2860 Hayward Avenue, Brownsburg, Indiana 46112.

[Filing No. 26, at ECF p. 2.] When asked whether Defendants would be providing an expert report of Dement, Defendants' counsel pithily responded, "No—thanks." [Filing No. 31-1.] Defendants' response to DeBoard's motion to strike states in full: "The defendants identified Colleen Dement because she assisted Torkelson in forming his expert opinions. Ms. Dement should be permitted to testify at trial as to her observations of the property and other information that she gathered and which [Torkelson] relied upon in developing his opinions." [Filing No. 32, at ECF p. 5.]

Defendants have not made a proper disclosure under Rule 26(a)(2). There is no expert report associated with Dement, any indication of her qualifications to provide testimony as an expert, nor a summary of the facts and opinions to which she would be expected to testify. The sanction for failing to follow Rule 26(a)(2) is exclusion. *See* Fed. R. Civ. P. 37(c)(1). However, this sanction is not automatic. Instead, the Court must determine whether the failure to properly disclose is harmless or justified under Fed. R. Civ. P. 37(c)(1). *See, e.g., Tribble v. Evangelides*, 670 F.3d 753, 759-60 (7th Cir. 2012) ("Without proper disclosures, a party may miss its opportunity to disqualify the expert, retain rebuttal experts, or hold depositions for an expert not required to provide a report. Because of these and other ways a party may be prejudiced by an improperly disclosed expert, the sanction is severe. Under Rule 37(c)(1), exclusion of non-disclosed evidence is automatic and mandatory unless non-disclosure was justified or harmless." (Internal citations, quotation marks, and ellipses omitted)).

Defendants have not even attempted to argue that their failure to properly disclose Dement's qualifications and expected testimony was harmless or justified. The Court has no information to review from which it could even attempt to determine whether Dement is qualified as an expert. And her opinions are unknown. Plaintiff is prejudiced by Defendants'

7

failure to properly disclose, as his expert has no opportunity to review and rebut Dement's opinions due to the complete lack of disclosure. In addition, the Court is precluded from determining whether Dement's opinions are reliable and admissible under Fed. R. Civ. P. 702. Thus, DeBoard's motion is granted as it relates to Dement. She is precluded from testifying on behalf of Defendants as an expert witness.

### C.     Motion to seal

Finally, Defendants seek to maintain under seal the prior confidential settlement agreement upon which Torkelson relied, which Defendants filed as an exhibit to their summary judgment motion. [Filing No. 59.] Defendants argue that in order to prove slopes up to 3.9% are compliant with the FHA, they need to rely on that agreement. They also argue it demonstrates that DeBoard did not sustain any damages in connection with the slopes at the subject property. Defendants claim that good cause exists to maintain this document under seal because the terms of the agreement are confidential, and that redaction would not afford adequate protection because the agreement would still be understandable to the public with redactions. [Filing No. 60, at ECF p. 3.]

DeBoard did not directly respond to Defendants' motion to seal. However, in DeBoard's supplemental brief in support of his objections and motion to strike Torkelson's report and Dement from testifying, DeBoard argues that Defendants "are improperly attempting to introduce into this action confidential terms of a settlement agreement in wholly separate litigation involving a different property." [Filing No. 57, at ECF p. 1.] In addition, DeBoard filed a redacted version of the agreement [Filing No. 64], which is publicly available. As noted above, the redacted version of the agreement allows the Court and the public to see that the prior

settlement agreement directly stated that it was not intended to represent or warrant FHA compliance. [Filing No. 64, at ECF p. 6.]

While settlement agreements typically never show up in a judicial record, when a settlement is sought to be enforced by the Court, the presumption of a right of public access applies, and the public has a right to know the terms of a settlement that a judge approves. *See, e.g., Goesel v. Boley Int'l*, 738 F.3d 831, 833-34 (7th Cir. 2013) ("[M]ost settlement agreements never show up in a judicial record and so are not subject to the right of public access. . . . [F]or the most part settlement terms are of potential public interest only when judicial approval of the terms is required, or they become an issue in a subsequent lawsuit, or the settlement is sought to be enforced."). In this case, however, one party argues that the other side has improperly introduced terms from a prior settlement into the present litigation. The Court is being asked to rule on a motion to strike expert testimony, not to enforce the prior settlement agreement. The Court also recognizes the confidential nature of this—and most—settlement agreements.

In addition, the redacted version of the agreement DeBoard filed adequately addresses the parties' concerns of allowing public access to the confidential terms of the agreement. The redacted version only allows the public to see the portion of the agreement noting that the settlement agreement "is not intended to represent or warrant compliance or non-compliance with FHA technical requirements." [Filing No. 64, at ECF p. 5.] At this point, this is the only portion of that agreement that needs to be unsealed for the Court to address the motion to strike.[3] Thus, Defendants set forth good cause for maintaining the agreement under seal at this time. Defendants' motion [Filing No. 59] is granted.

---

[3] While this ruling addresses only the motion to strike, it obviously could have implications on other matters in this case, such as the pending summary judgment motion, which is not before the undersigned magistrate judge.

**IV.     Conclusion**

Plaintiff's motion to strike [Filing No. 31] is granted in part as it relates to Torkelson. The section of Torkelson's report relying on and referencing the prior settlement agreement is stricken. This portion of his report is not based on an objective scientific standard. However, Torkelson is qualified to testify as an expert witness, and the remaining portions of his report may be relied on in this matter, because it sets out appropriate methodology and his opinions are based on objective scientific standards. Plaintiff's motion is also granted as it relates to Dement. Defendants failed to provide her qualifications or a report as required by Fed. R. Civ. P. 26, so she is precluded from testifying. Finally, for reasons noted above, Defendants' motion to seal [Filing No. 59] the prior settlement agreement is granted.

Date: 8/9/2021

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email